IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TAMMY LOUISE CRAWFORD, § <br> #60072-177, § <br> MOVANT, § <br> § <br> v. § <br> § <br> UNITED STATES OF AMERICA, § <br> RESPONDENT. § | § CIVIL CASE NO. 3:23-CV-777-B-BK <br> § (CRIMINAL CASE NO. 3:19-CR-630-B-8) |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant Tammy Louise Crawford's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the undersigned United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. As detailed here, the motion should be summarily **DISMISSED WITH PREJUDICE**.[1]

I.   BACKGROUND

Crawford pled guilty to Possession with Intent to Distribute a Controlled Substance and, on July 23, 2021, was sentenced to 210 months' imprisonment and a three-year term of supervised release. Crim. Doc. 663.[2] Crawford did not file a direct appeal but, on April 7, 2023,

---

[1] *See* Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS ("If it plainly appears from the motion and any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

[2] All "Crim. Doc." citations refer to the related criminal case: *United States v. Crawford*, No. 3:19-CR-630-B-8 (N.D. Tex. July 23, 2021).

filed a *Motion for Deviation from the U.S. Sentencing Guidelines*, Doc. 3, which the Court liberally construed as a § 2255 motion, Doc. 2. In response to the Court's deficiency order issued in accordance with *Castro v. United States*, 540 U.S. 375 (2003), Crawford then filed an amended § 2255 motion requesting "a six point reduction in the offense level due to drug purity." Doc. 5 at 1, 12. She alleges that "[t]the U.S. Sentencing Guidelines use drug purity as a proxy for a defendant's culpability." Doc. 5 at 4. She contends that her base offense level should be 26 instead of 32. Doc. 5 at 4.

Upon review, the Court concludes that Crawford's claim is not cognizable under § 2255 and it is also time barred. Thus, her § 2255 motion should be summarily dismissed.

**II.    ANALYSIS**

After conviction and exhaustion or waiver of the right to direct appeal, the court presumes that a petitioner stands fairly and finally convicted. *See United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc)). Section 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed. Misapplications of the Sentencing Guidelines fall into neither category and hence are not cognizable in § 2255 motions. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) (misapplication of sentencing guidelines does not give rise to a constitutional issue cognizable under § 2255 (citing *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994); *United States v. Faubion*, 19 F.3d 226, 233 (5th Cir. 1994))). As such, Crawford's challenge to the application of the Sentencing Guidelines is not cognizable in this § 2255 motion.

Crawford's § 2255 motion is also barred by the one-year statute of limitations. *See* 28

U.S.C. § 2255(f).  Crawford does not allege any facts that could trigger a starting date under § 2255(f)(2)-(4), so the limitations period began to run when her judgment of conviction became final on August 6, 2021, the last day she could have filed a timely direct appeal from the July 23, 2021 judgment.  Crim. Doc. 663.  *See* § 2255(f)(1); FED. R. APP. P. 4(b)(1)(A) (providing 14 days to file a notice of appeal).  Thus, Crawford's construed § 2255 motion is deemed filed at the earliest on April 2, 2023, when she certifies placing it in the prison mailbox.  Doc. 3 at 2.  *See* Rule 3(d) of the RULES GOVERNING SECTION 2255 PROCEEDINGS (applying the "mailbox rule" to inmates who use jail/prison's mail system).

Further, Crawford's filings, even when liberally construed in accordance with her pro se status, posit no facts from which the Court can find that equitable tolling applies in this case— that she diligently pursued her rights or that some extraordinary circumstance prevented her from timely filing her § 2255 motion.  *See Holland v. Florida*, 560 U.S. 631, 649 (2010).  In response to why her motion is not time barred, Crawford merely states that she "[s]ubmitted via motion for deviation from the US Sentencing Guidelines—received by Court" and it was "requested the ground be sent via 2255."  Doc. 5 at 9, 11.  Crawford has thus failed to carry her burden of establishing that equitable tolling is warranted in this case.[3]

Finally, to the extent Crawford suggests that her *Motion for Deviation from the U.S. Sentencing Guidelines* should not have been construed as a § 2255 motion, her position lacks

---

[3] Courts can invoke the statute of limitations sua sponte but only after giving the movant an opportunity to respond.  *See Day v. McDonough,* 547 U.S. 198, 209–10 (2006).  Crawford will have a chance to oppose the statute-of-limitations determination during the 14-day period for filing objections to this report and recommendation.  *See United States v. Willis*, 273 F.3d 592, 597 at n.6 (5th Cir. 2001) (concluding magistrate judge's recommendation provides a reasonable opportunity to oppose application of procedural default).

support in law and fact.  Crawford suggests no other legal vehicle to assert such claims, and there is none.  Without regard to the merits of her Sentencing Guidelines claim (or the lack thereof), Crawford could have attempted to raise it on direct appeal, but declined to do so.  As explained in the order recharacterizing Crawford's pleading as a § 2255 motion, "[b]ecause Defendant's arguments collaterally challenge her federal sentence, they are properly construed as a motion to vacate sentence under § 2255."  Doc. 2 at 2 (citations omitted).   That is true, regardless of what Crawford titled her motion.  *See United States v. Cardenas*, 13 F.4th 380, 384 (5th Cir. 2021) (citations omitted), *cert. denied*, 142 S. Ct. 931 (2022) (""When reviewing a pro se litigant's filings, '[i]t is the substance of the relief sought by . . . [the] pleading, not the label that the petitioner has attached to it, that determines the true nature and operative effect of [the] habeas filing.").

Here, the Court explained to Crawford her options as to the *Motion for Deviation from the U.S. Sentencing Guidelines* recharacterized by the Court as a § 2255 motion—amend it and proceed or withdraw it.  Doc. 4.  Crawford opted for the former.

### III.     CONCLUSION

For all these reasons, Crawford's motion to vacate sentence under 28 U.S.C. § 2255 should be summarily **DISMISSED WITH PREJUDICE** as meritless and, in the alternative, as barred by the one-year statute of limitations.  *See* Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS; 28 U.S.C. § 2255(f).

**SO RECOMMENDED** on June 16, 2023.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).